UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-619-H

SHARON R. HEATH  PLAINTIFF

V.

KENTUCKY COMMUNITY AND
TECHNICAL COLLEGE SYSTEM  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Sharon R. Heath ("Heath"), filed this discrimination case *pro se* under Title VII of the 1964 Civil Rights Act ("Title VII"), alleging Defendant, Kentucky Community and Technical College System ("KCTCS"), wrongfully failed to hire her for a position as an instructor in its adult education program on the basis of her age and gender. This Court dismissed Heath's age discrimination claim by Memorandum Opinion and Order of May 23, 2012. At that time, the Court set a discovery deadline which passed. Subsequently, on August 6, 2012, KCTCS has moved for summary judgment on Heath's sole claim remaining for gender discrimination. Heath has not responded.

I.

In Fall 2010, KCTCS received a grant to provide services to the Adult Education Program (the "Program"), which had previously been administered by the Bullitt County Board of Education ("Bullitt County"). To administer the Program, KCTCS had to staff certain positions, including an adult education instructor position (the "Instructor Position" or the "Position") at issue in this case. Two individuals applied for the Position, David Wells and Heath. KCTCS's Interim Director of the Bullitt County Campus, Donna Miller Bruenger

("Bruenger"), and another KCTCS official, Sandy Smallwood ("Smallwood"), reviewed the applications and other relevant information, and ultimately concluded that Wells was more qualified for the Position. In assessing both candidates' qualifications, Bruenger and Smallwood noted that Wells was familiar with the Program, having volunteered when the Program was administered by Bullitt County. He was also highly educated and held a Master's Degree in Christian Education. When Bruenger followed up on Wells' application, she obtained additional information that supported the determination that he was highly qualified for the Position. For example, several individuals who worked with both Heath and Wells in the Bullitt County Program highly recommended Wells and advised Bruenger that they believed he would perform the job better than Heath. Finally, when Bruenger met with Wells for an interview, he was friendly, engaging, and presented several ideas for improving the Program.

Unlike Wells, Heath did not possess a Master's Degree in a relevant field. Additionally, Heath did not proactively offer suggestions for improving the Program, which caused Bruenger to believe Wells would do a better job. Finally, Bruenger considered the fact that Heath was not as highly recommended as Wells. For these and other reasons, Bruenger and Smallwood determined that Wells was more qualified and elected to hire him over Heath. Heath does not dispute that this was the basis for KCTCS's hiring decision. Indeed, Heath states that she believes KCTCS hired Wells "because he was [Bruenger's] friend, a youth preacher and had worked in the jail as a volunteer and everyone knew him" and because former Bullitt County employees provided negative referrals for her.

II.

2

Absent direct evidence of discrimination, courts apply the *McDonnell-Douglas* framework to analyze a discrimination case. *See Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004). Under this framework, a plaintiff must first establish a *prima facie* case of discrimination, *i.e.*, that: (i) "she is a member of a protected group;" (ii) "she was subjected to an adverse employment action;" (iii) "she was qualified for the position;" and (iv) a "similarly situated non-protected employee[] [*i.e.*, Wells] [was] treated more favorably." *Id*. No one disputes that Heath can meet the first three criteria. To satisfy the fourth element of this test, Heath must prove that she and Wells were "similarly situated in all respects." *Id*.

The evidence appears to show that Wells was more qualified for the Position than Heath in several respects. First, Wells possessed a Master's Degree in a relevant field. Second, he distinguished himself from Heath by proactively offering suggestions for improving the Program. Third, several former Bullitt County Program volunteers highly recommended Wells for the Position. And fourth, these same volunteers, who previously worked with both Heath and Wells, opined that Wells would be the better choice. Thus, though both Wells and Heath were qualified for the position, it cannot be said that they were similarly situated.

### III.

Where a plaintiff does establish a *prima facie* case of discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for its action. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994). Assuming that Heath could establish a prima facie case, KCTCS has asserted legitimate, non-discriminatory reasons that it selected Wells because he was more qualified. Such a rationale, if true, does constitute a legitimate, nondiscriminatory reason. Therefore, Heath can only prevail on her claim if she

proves that this reason is actually pretext for unlawful discrimination. *Id*. To establish pretext, Heath must show that: (i) KCTCS's "proffered reason was insufficient to motivate [its actions];" (ii) "the proffered reason did not actually motivate the actions;" or (iii) "the proffered reason had no basis in fact." *Hopkins v. Elec. Data Sys. Corp.*, 196 F.3d 655, 662 (6th Cir. 1999).

Heath does not present evidence of a pretext. She presented no evidence that Wells' qualifications did not actually motivate KCTCS's decision. To the contrary, Heath seems to acknowledge that this is the reason KCTCS hired Wells. In response to KCTCS's discovery, Heath states she believes KCTCS hired Wells "because he was [Bruenger's] friend, a youth preacher and had worked in the jail as a volunteer and everyone knew him." Heath also states that she believes KCTCS declined to hire her because former Bullitt County employees provided negative referrals, *i.e.*, "due to slanderous remarks made by [Bullitt County employee] James Boswell and other workers at the [Program]." Heath does not deny the fact that some gave her a negative referral. An employee is entitled to rely upon recommendations of others, so long as the use of such comments are not otherwise pretextual. Heath makes no such argument here.

As a general rule, when a plaintiff asserts that a hiring decision based on "qualifications" is pretextual and presents no other evidence of discrimination, the plaintiff must establish that "the rejected applicant's qualifications [are] *so significantly better than the successful applicant's qualifications that no reasonable employer would have chosen the latter applicant over the former.*" *Bender v. Hecht's Dept. Stores*, 455 F.3d 612, 627 (6th Cir. 2006). "[E]vidence that a rejected applicant was as qualified or marginally more qualified than the successful candidate is insufficient . . ." *Id*. This is because a court's role "is to prevent . . . unlawful practices not to act as a 'super personnel department' that second guesses employers'

business judgments." *Hendrick v. W. Reserve Care Sys.*, 355 F.3d 444, 462 (6th Cir. 2004).

Consequently, Heath has not presented any evidence or argument which suggests that the decision to hire Wells rather than Heath was based upon gender or that the reasons cited for the decision were a mere pretext for a gender based decision.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's remaining claims are DISMISSED WITH PREJUDICE.

This is a final order.




cc:     Sharon R. Heath, *Pro Se*
        Counsel of Record